**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARCOS GARCIA AGUILAR,

Petitioner,

v.

Case No. 1:26-cv-03628-MIS-GJF

WARDEN, in his official capacity as Warden of Cibola County Correctional Center; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Marcos Garcia Aguilar's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 27, 2026. Petitioner is a citizen of Mexico, who entered in the United States approximately 24 years ago. Pet. at ¶ 29. Thereafter, he resided peaceably in the United States, most recently in Plainfield, New Jersey. Id. at ¶ 30. Petitioner resides with his wife and two children who are United States citizens. Id. In addition, Petitioner filed an application for asylum. Id. at ¶ 31. He has maintained

employment and has a valid employment authorization through November 17, 2029. Id. at ¶ 35. He has owned and operated a construction company for over 10 years. Id. at ¶ 37.

Petitioner has complied with immigration reporting requirements and, until recently, has never been detained by immigration authorities. Id. at ¶ 31. At some point, the United States Department of Homeland Security ("DHS") initiated removal proceedings, though no removal order has been issued. Id. at ¶ 34. Indeed, at the time Petitioner filed the instant Petition, Petitioner's next hearing in the removal proceedings was scheduled for April 3, 2029 – almost 29 months from the date of this Order. Id. Despite these facts, Petitioner was taken into immigration custody shortly after multiple vehicles, for reasons unknown, surrounded his vehicle while he was driving with a coworker. Id. at ¶ 32. He remained in custody ever since and currently detained at the Cibola County Correctional Center in Milan, New Mexico. Id. at ¶ 33.

Petitioner has not been provided a bond hearing. Id. at ¶ 39. He argues that his detention without pre-deprivation notice and a bond hearing violates the Immigration and Nationality Act ("INA"), id. at ¶¶ 44-47, and his procedural due process rights under the Fifth Amendment, id. at ¶¶ 49-56. He seeks immediate release from detention, or in the alternative an individualized custody determination before a neutral Immigration Judge. Id. at pp.18-19.

On October 28, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to answer the petition show cause why the Court should not grant Petitioner habeas relief. ECF No. 3. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

On November 12, 2026, the federal Respondents filed a "Response [to the] Petition." ECF No. 6.[1] Therein, they state:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of the INA.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

detention and his continued detention without a bond hearing violates 8 U.S.C. § 1226(a). As such, he is entitled to habeas relief.

The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally ECF No. 6. The Court further orders that Petitioner shall not be re-detained absent a final order of removal without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Marcos Garcia Aguilar from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent a final order of removal without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE